**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Randall D Callicoat,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-25-08270-PCT-JAT

**ORDER**

Pending before the Court is Plaintiff Randall Callicoat's appeal from the Commissioner of the Social Security Administration's ("SSA" or "Commissioner") denial of Social Security benefits. (Doc. 14). The appeal is fully briefed (Doc. 14; Doc. 16; Doc. 17), and the Court now rules.

## I. BACKGROUND

### A. Factual Overview

Plaintiff was 54 years old on his alleged disability onset date of November 1, 2020, which he later amended to January 1, 2023. (Doc. 14 at 2; Doc. 12-1 at 54). He has a high school level education and a history of past relevant work as a real estate agent. (Doc. 12-1 at 39; Doc. 14 at 2). On January 4, 2022, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. (Doc. 12-1 at 19). Due to his work activity, he meets the insured status requirements of the Social Security Act through December 31, 2027. (Doc. 12-1 at 21). After an administrative hearing, an Administrative Law Judge ("ALJ") denied Plaintiff's claim on November 19, 2024. (*Id.* at 28). The SSA Appeals

Council denied Plaintiff's request for review of that decision, adopting it as final on October 30, 2025. (*Id.* at 3). Plaintiff filed the present appeal following this unfavorable decision. (Doc. 1).

**B. The SSA's Five-Step Evaluation Process**

To qualify for social security disability insurance benefits, a claimant must show that he "is under a disability." 42 U.S.C. § 423(a)(1)(E). To be "under a disability," the claimant must be unable to engage in "substantial gainful activity" due to any medically determinable physical or mental impairment. *Id.* § 423(d)(1). The impairment must be of such severity that the claimant cannot do his previous work or any other substantial gainful work within the national economy. *Id.* § 423(d)(2). The SSA has created a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(1). The steps are followed in order, and each step is potentially dispositive. *See id.* § 404.1520(a)(4).

At Step One, the ALJ determines whether the claimant is engaging in "substantial gainful activity." *Id.* § 404.1520(a)(4)(i). "Substantial gainful activity" is work activity that is (1) "substantial," i.e., doing "significant physical or mental activities," and (2) "gainful," i.e., usually done "for pay or profit." 20 C.F.R. § 416.972(a)–(b). If the claimant is engaging in substantial gainful work activity, the ALJ will find the claimant is not disabled. *Id.* § 404.1520(a)(4)(i).

At Step Two, the ALJ determines whether the claimant has "a severe medically determinable physical or mental impairment" or severe "combination of impairments." *Id.* § 404.1520(a)(4)(ii). To be "severe," the claimant's impairment must "significantly limit" the claimant's "physical or mental ability to do basic work activities." *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the ALJ will find the claimant is not disabled. *Id.* § 404.1520(a)(4)(ii).

At Step Three, the ALJ determines whether the claimant's impairment(s) "meets or equals" an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the ALJ will find the claimant is disabled, but if not, the ALJ

must assess the claimant's "residual functional capacity" ("RFC") before proceeding to Step Four. *Id.* §§ 404.1520(a)(4)(iii), 404.1520(e). The claimant's RFC is his ability perform physical and mental work activities "despite [his] limitations," based on all relevant evidence in the case record. *Id.* § 404.1545(a)(1). To determine RFC, the ALJ must consider all the claimant's impairments, including those that are not "severe," and any related symptoms that "affect what [the claimant] can do in a work setting." *Id.* § 404.1545(a)(1)–(2).

At Step Four, the ALJ determines whether the claimant has the RFC to perform the physical and mental demands of his "past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 404.1520(e). "Past relevant work" is work the claimant has "done within the past five years that was substantial gainful activity and that lasted long enough for [the claimant] to learn to do it." *Id.* § 404.1560(b)(1)(i). If the claimant has the RFC to perform his past relevant work, the ALJ will find the claimant is not disabled. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform his past relevant work, the ALJ will proceed to Step Five in the sequential evaluation process.

At Step Five, the final step, the ALJ considers whether the claimant "can make an adjustment to other work," considering his RFC, age, education, and work experience. *Id.* § 404.1520(a)(v). If so, the ALJ will find the claimant not disabled. *Id.* If the claimant cannot make this adjustment, the ALJ will find the claimant is disabled. *Id.*

### C. The ALJ's Application of the Factors

Here, at Step One, the ALJ concluded Plaintiff did not engage in substantial gainful activity during the period of his alleged onset date of January 1, 2023, through his date last insured, which was extended to December 31, 2027, due to his work activity as a real estate agent. (Doc. 12-1 at 21).

At Step Two, the ALJ determined that Plaintiff had the following severe physical impairments: "degenerative disc disease of the lumbar spine, with a history of discectomy early 1990's, lumbar fusion mid-1990's, and L2-3 fusion 2018, status-post laminectomy syndrome; history right rotator cuff injury with subsequent arthroplasty surgery in 2012,

status-post mild acromioclavicular osteoarthritis; knee surgeries in 1983 and 1985; and degenerative arthritis." (*Id.* at 22).

At Step Three, the ALJ found that Plaintiff did not have any impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 22). The ALJ then found Plaintiff had the RFC

> to lift or carry 20 pounds occasionally and 10 pounds frequently. He can push or pull in the limits for lifting and carrying. He can stand or walk less than 4 hours total in an 8-hour workday. He can sit for 6 hours in an 8-hour workday. He can occasionally use ramps, stairs, ladders, ropes, and scaffolds. He can occasionally stoop, kneel, crouch, crawl, and balance. He can do frequent overhead reaching with the right upper extremity. He should avoid concentrated exposure to cold temperatures, vibration, and hazards, such as working at unprotected heights and around dangerous machinery.

(Doc. 12-1 at 23.)

At Step Four, the ALJ established that Plaintiff could perform his past relevant work as a real estate agent. (*Id.* at 27). The ALJ did not reach Step Five and concluded that Plaintiff was not disabled as defined in the Social Security Act from the alleged onset date through January 1, 2023. (*Id.* at 28).

## II. LEGAL STANDARD

This Court may not set aside a final denial of disability benefits unless the ALJ decision is "based on legal error or not supported by substantial evidence in the record." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). "Substantial evidence" is relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). It involves "more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (quoting *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997)). This Court must consider the record in its entirety, "weighing both the evidence that supports and evidence that detracts from the [ALJ's] conclusion." *Revels*, 874 F.3d at

654 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2007)).

The ALJ—not this Court—is responsible for resolving ambiguities, resolving conflicts in medical testimony, determining credibility, and drawing logical inferences from the medical record. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)); *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984). Therefore, when the evidence of record could result in more than one rational interpretation, "the ALJ's decision should be upheld." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004) ("When the evidence before the ALJ is subject to more than one rational interpretation, [courts] must defer to the ALJ's conclusion."). Further, this Court may only review the reasons the ALJ provides in the disability determination; it "may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010 (citing *Andrews*, 53 F.3d at 1041).

## III. DISCUSSION

Plaintiff raises five issues: (1) the ALJ failed to consider whether Plaintiff's rendered services as a real estate agent were significant to the operation of the business in determining if Plaintiff could perform past relevant work, (2) the ALJ erroneously based his findings on the guidance contained in SSR 82-61 and SSR 82-62, (3) Plaintiff's job as a real estate agent was not accurately described by the Dictionary of Occupational Titles ("DOT"), (4) the ALJ never posed a hypothetical to the vocational expert ("VE") regarding a limitation of four hours of standing and walking, and (5) the ALJ failed to support his findings under 20 C.F.R. § 404.1473(c) with substantial evidence. (Doc. 14 at 4-6).

### A. Plaintiff's Past Relevant Work

At Step Four of the evaluation process, the ALJ must consider whether a claimant can perform past relevant work in light of his RFC. 20 C.F.R. § 404.1560(b). Past relevant work "is work that you have done within the past five years that was substantial gainful activity and that lasted long enough for you to learn to do it." *Id.* § 404.1560(b)(1)(i). SSA regulations provide three tests to determine if self-employed activity is substantial gainful

activity. *See id.* § 404.1575(a)(2). At test one, a claimant is engaged in substantial gainful activity if he "render[s] services that are significant to the operation of the business and receive[s] a substantial income from the business." *Id.* § 404.1575(a)(2). If the claimant is not engaged in substantial gainful activity under test one, then the ALJ will consider tests two and three. *Id.* § 1575(a)(2).

Plaintiff contends the ALJ erroneously determined he was capable of performing past relevant work as a real estate agent because the ALJ failed to conduct the required analysis under test one. (Doc. 14 at 4). The ALJ relied on 20 C.F.R. § 404.1560(b)(1) when finding Plaintiff's past relevant work as a real estate agent "was performed at substantial gainful activity, was performed long enough for the claimant to achieve average performance, was performed within the relevant period, and was not started and stopped in fewer than 30 calendar days." (Doc. 12-1 at 27). In defending the ALJ's conclusion, the Commissioner argues Plaintiff earned more than the amount specified in the regulatory guidelines and therefore the ALJ was not required to conduct an analysis under 20 C.F.R. § 404-1575(a)(2). (Doc. 16 at 5). Further, the Commissioner contends that Plaintiff's work as a real estate agent constituted a service that was significant to the operation of his business under 20 C.F.R. § 404.1575(a)(2)(i). (*Id.* at 6).

First, the Court agrees that the ALJ failed to conduct the required analysis under 20 C.F.R. § 404.1575(a)(2). Indeed, the ALJ does not cite this statute anywhere in the decision. Instead, the ALJ relied on the VE's testimony in finding Plaintiff could perform his past relevant work as a real estate agent. (Doc. 12-1 at 27). The regulations require the ALJ to analyze a claimant's self-employment[1] activities under a series of three tests to determine if they count as substantial gainful activity. C.F.R. § 404.1575. The ALJ failed to analyze any of the enumerated tests in the decision. And while Plaintiff's work as a real estate agent may constitute a service that was significant to the business, as the Commissioner argues, the "ALJ is required to set forth reasonings sufficient for a meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir.2015). Because

[1] The ALJ found at Step One that Plaintiff was self-employed. (Doc. 12-1 at 21).

the ALJ never addressed the tests for determining whether Plaintiff's self-employed past work was substantial gainful activity, the Court will not do so. *See Fuess v. Comm'r of Soc. Sec. Admin.*, No. CV-22-02051, 2024 WL 1364490, at *3-4 (D. Ariz. March 29, 2024).

Second, the Court is unpersuaded by the Commissioner's argument that the ALJ was not required to conduct an analysis under 20 C.F.R. § 404-1575(a)(2) simply because Plaintiff earned more than the minimum amount in the regulatory guidelines. The Commissioner's guidelines on whether self-employed activity constitutes substantial gainful activity, expressly state "[w]e will not consider your income alone because the amount of income you actually received may depend on a number of different factors, such as capital investment and profit-sharing agreements." 20 C.F.R. § 404.1575(a)(2). The guidelines further state "[w]e will evaluate your work activity based on the value of your services to the business regardless of whether you receive an immediate income for your services." *Id.* § 404.1575(a)(2). Accordingly, the presumption that a claimant engages in substantial gainful activity if he earns more than the minimum amount in the regulatory guidelines does not alleviate the requirement that the ALJ conduct the analysis in 20 C.F.R. § 404.1575(a)(2). *See Sandoval v. Comm'r of Soc. Sec. Admin.*, No. CV-22-08017, 2023 WL 5013113, at *3 (D. Ariz. Aug. 7, 2023).

"Harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). If any error was not harmless such that it was not "inconsequential to the ultimate nondisability determination," the Court must reverse. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).

The ALJ's failure to analyze whether Plaintiff was engaged in substantial gainful activity under 20 C.F.R. § 404.1575(a)(2) was not harmless. If the ALJ were to apply the § 404.1575(a)(2) tests and find Plaintiff's prior work was not substantial gainful activity, the ALJ would then be required to complete Step Five of the analysis to determine if there are jobs existing in the national economy that Plaintiff could perform with his RFC. *See* 20 C.F.R. § 404.1520(a)(4). Accordingly, the ALJ's failure to conduct the required analysis was not "inconsequential to the ultimate nondisability determination." *Tommasetti*, 533

F.3d at 1038 (citation omitted). Thus, remand for further administrative proceedings is required.

**B. The ALJ's Reliance on SSR 82-61 and SSR 82-62**

Plaintiff next argues the ALJ erred in relying on Social Security ruling ("SSR") 82-61 and SSR 82-62, which defined work experience as applicable when it was completed within the last 15 years. (Doc. 14 at 5). *See* SSR 82-61, 1982 WL 31387, at *1 (Jan. 1, 1982); SSR 82-62, 1982 WL 31386, at *1 (Jan. 1, 1982), *rescinded by* SSR 24-2p, 89 Fed. Reg. 48,479 (June 6, 2024). Plaintiff contends SSR 82-61 and SSR 82-62 were inapplicable because they were rescinded on June 6, 2024, and the decision was issued on November 19, 2024. Plaintiff is incorrect. Although SSR 82-61 and SSR 82-62 were rescinded on June 6, 2024, Plaintiff's application was filed prior to this date, and thus, both are applicable to the instant case.

**C. DOT Description**

Plaintiff argues his job as a real estate agent was not accurately described in the DOT listing. (Doc. 14 at 6). In support, he argues he mostly made phone calls and did paperwork with the help of his family when performing work as a real estate agent, and those duties do not align with the DOT's definition of a real estate agent. (Doc. 14 at 6). The ALJ relied on the DOT description for real estate agents and the VE testimony to support its finding that Plaintiff could perform his past relevant work as a real estate agent as actually performed. (Doc. 12-1 at 27).

The DOT describes a real estate agent as one who

> Rents, buys, and sells property for clients on commission basis: Studies property listings to become familiar with properties for sale. Reviews trade journals and attends staff and association meetings to keep informed of marketing conditions, property values, and legislation which would affect real estate industry. Interview prospective clients to solicit listings. Accompanies prospects to property sites, quotes purchase price, describes features, and discusses conditions of sale or terms of lease. Draws up real estate contracts, such as deeds, leases, and mortgages, and negotiates loans on property. Must have license issued by state . . . .

*DOT*, 250.357-018 (*Sales Agent, Real Estate*), 1991 WL 672361, (1991).

Plaintiff testified that as a real estate agent, he would sell homes for people or help them purchase a home and "was more [of] a[n] office manager . . . lay[ing] in bed here in [his] office" while people would help him with "the signs." (Doc. 12-1 at 40-41). The VE testified that someone with Plaintiff's RFC would be able to perform past relevant work as a real estate agent as Plaintiff actually performed it. (Doc. 12-1 at 52-53, 55). There does not appear to be a conflict between the VE's testimony and the DOT. Accordingly, the ALJ's finding is supported by substantial evidence. *See Leach v. Kijakazi*, 70 F.4th 1251, 1255 (9th Cir. 2023) (noting an ALJ is only obligated to inquire further into VE testimony when there is an "obvious or apparent" conflict between the DOT and the VE testimony) (quoting *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017)).

**D. Remaining Issues**

Plaintiff contends his work was a realtor was done under special conditions, meaning he lacked the capacity to achieve substantial gainful activity due to his ability to only work 60 hours per year after receiving help from friends. (Doc. 14 at 5). *See* 20 C.F.R. § 404.1573(c). The regulations dictate that special conditions may show an inability to achieve substantial gainful activity, but special conditions may also show that a claimant has "the necessary skills and ability to work at the substantial gainful activity level." *Id.* § 404.1573(c). He further argues the ALJ erred by asking the VE a hypothetical question that did not accurately describe his limitations. (Doc. 14 at 5). The ALJ relied on the VE's testimony in its analysis of Step Four. These issues are not yet ripe for decision because they may be affected by the ALJ's analysis of 20 C.F.R. § 404-1575(a)(2) at Step Four. *See Zlotoff v. Comm'r of Soc. Sec. Admin.*, No. CV-19-02829, 2020 WL 4016223, at *8 (D. Ariz. July 17, 2020).

**IV. CONCLUSION**

Given the foregoing, the Court finds that the ALJ failed to conduct the required analysis under 20 C.F.R. § 404-1575(a)(2) at Step Four, thus committing legal error. Further proceedings are warranted to determine whether Plaintiff's self-employed work was substantial gainful activity.

Accordingly,

**IT IS ORDERED** that the ALJ's decision is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 31st day of August, 2026.

James A. Teilborg
Senior United States District Judge