**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Randall D Callicoat,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-25-08270-PCT-JAT<br><br>**ORDER** |

Pending before the Court is the parties' stipulation to an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 21).

> "A litigant is entitled to attorneys' fees under the EAJA if: '(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable.' *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A)."

*Michele M. v. Saul*, No. 19-CV-00272-JLB, 2020 WL 5203375, at *1 (S.D. Cal. Sept. 1, 2020). The Court will discuss each prong in turn.

Here, the parties' discussion regarding Plaintiff's entitlement to fees under the EAJA is: "This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA fees and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise." (Doc. 21 at 2). In other words, the parties do not discuss the EAJA entitlement prongs.

Regarding prong one, this Court remanded this case to the social security

administration for further proceedings. (Doc. 19). Accordingly, the Court finds that Plaintiff is the prevailing party.

Regarding prong two, the Ninth Circuit Court of Appeals has explained:

> Pursuant to the EAJA, we are required to award [Plaintiff] fees and other expenses incurred in connection with his civil action unless we find that the position of the United States was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).
>
> The test for determining whether the Secretary's position was substantially justified under the EAJA is whether the position had a reasonable basis in both law and fact—that is, whether it was justified "to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988); *see also Barry v. Bowen,* 825 F.2d 1324, 1330 (9th Cir. 1987). The burden is on the Secretary to prove that his position was substantially justified. *Id.*

*Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991).

The Government's stipulation to pay fees, while simultaneously not admitting it owes the fees, is an ambiguous legal position. Nonetheless, applying the test articulated in *Russell*, the Court finds that the Government has failed to carry its burden to prove that its position was substantially justified or that special circumstances make an award unjust. *Russell*, 930 F.2d at 1445; *see also Michele M.*, 2020 WL 5203375, at *1.

Finally, the parties have stipulated that the requested fees are reasonable, and the Court agrees.

Accordingly, the Court finds that Plaintiff is entitled to EAJA fees. Therefore,

**IT IS ORDERED** granting the stipulation (Doc. 21) such that fees in the amount of $2,287.37 and costs in the amount of $405.00 as authorized by 28 U.S.C. § 2412, are awarded to Plaintiff subject to the terms of the Stipulation.[1]

**IT IS FURTHER ORDERED** that if, after receiving this Order, the Commissioner: (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, then the fees awarded herein will be paid to Plaintiff's attorney (consistent with the client's

---

[1] This award is without prejudice to Plaintiff's counsel seeking attorney's fees under 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

agreement at Doc. 21-3 at 1). However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and any remaining Equal Access to Justice Act fees after offset will be paid to Plaintiff but delivered to Plaintiff's attorney.

Dated this 15th day of September, 2026.

James A. Teilborg
Senior United States District Judge